# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:08CR00024-041 |
| v. | ) | **OPINION** |
| | ) | |
| **BRUCE EDWARD BAUMGARDNER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachery T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Bruce Edward Baumgardner, Pro Se Defendant.*

Defendant, a federal inmate proceeding pro se, filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his convictions based on certain alleged evidentiary deficiencies. He has also moved to submit supplemental grounds. After review of the record, I find that the defendant is not entitled to relief under § 2255.

I

Bruce Edward Baumgardner and more than 50 others were charged in this case with conspiracy to distribute cocaine base and cocaine and related charges. Baumgardner and one of his codefendants, Douglas Stallworth, stood trial together before a jury. On October 10, 2008, jurors found Baumgardner guilty of

conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and less than 500 grams of cocaine as charged (Count One); and maintaining a place for the purpose of distributing a controlled substance (Count Two). On appeal, the Judgment was affirmed. *United States v. Stallworth*, 466 F. App'x 218 (4th Cir. 2012) (unpublished).

In his § 2255 motion, Baumgardner alleges the following grounds for relief: (1) the conviction was obtained through the use of coerced confessions and testimony offered by codefendants in hopes of achieving a reduced sentence; (2) the court erred when it failed to grant an acquittal after the government rested its case; and (3) the evidence showed that Baumgardner was merely a drug user and did not support his conviction for conspiracy to distribute drugs. Baumgardner also requested, and was granted, additional time to submit a memorandum in support of these claims, which he did.

Shortly thereafter, Baumgardner submitted a pleading styled as a "NOTICE OF FILING ADDITIONAL GROUNDS" to his § 2255 motion. In this pleading, he alleged that: (4) imposing a special assessment of $100 under 18 U.S.C. § 3013 for each of his two felony convictions constituted double jeopardy, vindictive sentencing, and excessive fines, because the sentences of imprisonment were concurrent. I construe this submission as a Motion to Amend, which I will grant.

The government has moved to dismiss all of Baumgardner's claims. The court notified Baumgardner of the United States' motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment might be granted for the United States if he did not respond to the motion by filing affidavits or other documents contradicting the United States' evidence or otherwise explaining the § 2255 claims. Baumgardner did not respond. The time allotted for defendant's response has expired, making the matter ripe for the court's consideration.

II

A federal defendant seeking collateral review under § 2255 ordinarily cannot relitigate issues that have already been decided on direct review. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (noting that a § 2255 litigant "will not be allowed to recast, under the guise of collateral attack, questions fully considered" on direct appeal); *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955) (finding that § 2255 motion may not raise questions that were fully considered on appeal). Therefore, the district court may rightfully deny relief as to claims that rely on such decided issues.

All three of the claims raised in Baumgardner's initial § 2255 motion rest on his assertion that the evidence used to convict him was incredible and insufficient

to support a finding of guilt. Because the Fourth Circuit has fully considered these arguments and rejected them, this court cannot revisit the issues, recast as § 2255 claims. On appeal, Baumgardner argued, as he does here, that the evidence showed him to be merely a customer of the charged conspiracy, rather than a coconspirator in the drug trafficking operation. The court of appeals "conclude[d] that there was ample evidence to support the conviction." *Stallworth*, 466 F. App'x at 221-23. Baumgardner also presented on appeal his argument that recantations by certain witnesses undermined the validity of his conviction. *Id.* Baumgardner argued that I erred in finding, at an evidentiary hearing, that the witnesses' recantations were not credible and thus did not support his Motion for a New Trial. *Id.* at 223-24. Again, the Fourth Circuit found ample support in the record for my ruling and upheld it. *Id.* at 224. This court is bound by the appellate court's determination that the evidence against Baumgardner was both credible and sufficient to support his convictions. Accordingly, I must grant the Motion to Dismiss as to Claims (1), (2), and (3).

III

Section 2255 is not intended to be a substitute for trial or appellate remedies for challenging a conviction. Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are barred from review under

§ 2255, unless the defendant shows cause for the default and actual prejudice or demonstrates that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Cause requires a showing that counsel provided constitutionally ineffective assistance or that some "objective factor external to the defense" hampered the defendant's ability to raise a timely claim.[1] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The United States argues that Baumgardner has procedurally defaulted Claim (4), raising constitutional challenges regarding the second special assessment, and I agree. He failed to raise his claim at trial or on appeal and offers no reason that he could not have done so.

Baumgardner apparently asserts that deficient representation by counsel should serve as cause to excuse his default as to Claim (4). To the contrary, I cannot find that counsel had any viable argument that the assessment was unlawful. By statute, the court must impose a special assessment of $100 for each felony conviction a person has incurred. 18 U.S.C. § 3013(a)(2)(A). Because Baumgardner stood convicted of two felonies, I imposed two special assessments as authorized. These lawful assessments did not deprive the defendant of any

---

[1] Baumgardner makes no showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995) (finding that to show actual innocence as means to overcome procedural default, defendant must present "new reliable evidence" and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence").

constitutionally protected right or indicate any vindictiveness in sentencing. Counsel's failure to raise meritless legal arguments cannot be grounds for relief under § 2255 or for cause to excuse a procedural default of any other § 2255 claim. I will grant the Motion to Dismiss as to Claim (4).

IV

Baumgardner has also filed a "MOTION TO JOIN ALL MOTIONS OF CODEFENDANT-PETITIONER DOUGLAS LEE STALLW[O]RTH," seeking to adopt claims raised in Stallworth's pending § 2255 motion. I must deny this motion as futile. The majority of Stallworth's claims allege ineffective assistance of counsel. Baumgardner had his own court-appointed attorney during criminal proceedings and fails to allege facts in support of any claim that his attorney was ineffective in the manner that Stallworth alleges against his own counsel. The other claims that Baumgardner apparently seeks to adopt from Stallworth's § 2255 motion allege various court errors during the criminal proceedings. Because Baumgardner could have raised such errors at trial and on direct appeal, and fails to show cause for his failure to do so, such claims are procedurally barred from review in his § 2255 action. *Bousley,* 523 U.S. at 622.

V

In conclusion, I will grant the Motion to Dismiss as to all of Baumgardner's claims. While I grant Baumgardner's Motion to Amend to add Claim (4), I find that this claim is procedurally barred and without merit. I find that Claims (1), (2), and (3) are barred from review under § 2255 because these issues were litigated to and decided by the Fourth Circuit on appeal. I also deny his motion seeking to join in all claims raised by his codefendant.

A separate Final Order will be entered herewith.

DATED: August 29, 2013

/s/ James P. Jones
United States District Judge